[Cite as *State v. Muntean*, 2012-Ohio-2741.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2011CA00225 |
| SAVANAH L. MUNTEAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Alliance Municipal Court,
Case No. 2011CRB01036


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    June 11, 2012


APPEARANCES:

For Appellant:

AARON KOVALCHIK
116 Cleveland Ave. N.
Suite 808
Canton, OH 44702

For Appellee:

JENNIFER L. ARNOLD
470 East Market St., 2nd Floor
Alliance, OH 44601

*Delaney, J.*

{¶1} Appellant Savanah L. Muntean appeals from the September 8, 2011 judgment entry of conviction and sentence of the Alliance Municipal Court. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on June 21, 2011 at the Marc's store on East State Street, Alliance. At the time, appellant had worked as a cashier at the store for two years.

{¶3} Jessica Eash is a friend of appellant's. Eeron Edwards is Eash's boyfriend. Michael D. Hardy III is a friend of Eash and Edwards, and appellant is "[his] baby's mother."

{¶4} On June 21, 2011, Eash, Edwards, and Hardy came into the Marc's store during appellant's shift at the register. The trio immediately attracted the attention of Victoria Johnston, Marc's loss prevention officer, because they selected "very large quantities" of merchandise and filled two carts. Examples of merchandise selected included a tent, pillows, large numbers of health and beauty items such as four individual body washes, multiple deodorants, baby wipes, diapers, and gallons of milk.

{¶5} Johnston kept an eye on the three, expecting they might try to cover up the items and push their way out of the store. Instead, the three went to a far corner of the store and met as a group. Eash and Edwards then took one cart and approached register number 8, at which appellant was working. Johnston immediately

suspected this would be a case of "under ringing," in which the cashier doesn't ring every item or rings items at lesser amounts than the actual price.

{¶6} Johnston went into the management office and watched appellant's register via the store's closed circuit television. Johnston observed appellant looking around for managers or other employees. Appellant then began to under-ring the items, passing some around the scanner so the items didn't register.

{¶7} Johnston noticed appellant didn't even bother with this charade with some of the larger, bulkier items; Eash and Edwards placed the tent, pillows, and diapers directly into a second cart. Hardy, meanwhile, was still in the far corner of the store with a cart full of merchandise.

{¶8} Johnston and a manager went to the front of the store and waited for Eash and Edwards to exit. Once they were outside the store, Johnston and the manager approached and identified themselves. Eash and Edwards cooperated and came back into the store with the merchandise and went to the management office.

{¶9} Appellant was still in the process of checking out Hardy, and then he too was apprehended shortly after he exited the store.

{¶10} Eash, Edwards, Hardy, and appellant were brought into the management office, with the three friends kept separate from appellant. Eash, Edwards, and Hardy claimed they didn't know what was going on. Appellant made no statement and was terminated from employment at Marc's that day.

{¶11} Marc's staff rang up the two carts' worth of items the group had attempted to steal; the total was $470.63. Appellant, however, had charged Eash $10.98 and her receipt only reflected 3 items; she charged Hardy $5.71.

{¶12} Johnston testified appellant's scanner would "beep" as items passed over it and were tallied by the register.  In other words, it would be apparent to appellant if items were not properly scanning as she rang up a customer's purchases.  The unpaid items were not likely to have escaped appellant's notice; a register error would have been apparent due to the discrepancy between the amount of items and the total generated by appellant's ringing.

{¶13} Eash, Edwards, Hardy, and appellant were each charged with complicity to theft.  Eash, Edwards, and Hardy entered no-contest or guilty pleas and were convicted.

{¶14} Appellant entered a plea of not guilty and her case proceeded to jury trial.  Appellant moved for a judgment of acquittal at the close of the state's evidence and at the close of all of the evidence, but the motions were overruled.  The jury found appellant guilty as charged.  The trial court sentenced appellant to three days in jail and a fine of one hundred dollars plus court costs.

{¶15} Appellant appeals from her conviction and sentence.

{¶16} Appellant raises one Assignment of Error:

{¶17} "I.   WHETHER APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE?"

I.

{¶18} Appellant summarily asserts in her sole assignment of error that her conviction is against the manifest weight and sufficiency of the evidence because appellee presented no evidence of a plan to steal from Marc's.  We disagree.

{¶19} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶20} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, at 387, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶21} Appellant was found guilty of one count of complicity to theft pursuant to R.C. 2913.02(A)(1), a misdemeanor of the first degree: "[n]o person, with purpose to

deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."  R.C. 2923.03, complicity, states in pertinent part:  "No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: solicit or procure another to commit the offense; aid or abet another in committing the offense; conspire with another to commit the offense in violation of section 2923.01 of the Revised Code; cause an innocent or irresponsible person to commit the offense."

{¶22} Appellant argues no evidence exists she was complicit with Eash, Edwards, and Hardy in committing theft.  We disagree and find ample evidence in support of appellant's conviction.  The jury could easily infer it was not coincidence that led Eash, Edwards, and Hardy to "pay" at appellant's register.  All three co-defendants are known to appellant, and Hardy is the father of her child.  The sheer amount of items taken, in comparison with the relative small amount paid, eliminates the possibility that this was an innocent mistake.  Appellant's customers, her friends, left the store with almost five hundred dollars' worth of items they paid less than twenty dollars for.

{¶23} Moreover, appellee presented the videotape of the transactions in which appellant not only avoided the scanner with some items, but passed an entire basket full of items directly over the scanner without tabulating them.  Regardless of what Eash, Edwards, and Hardy thought or knew about appellant's actions, the jury could reasonably find appellant guilty of complicity to theft.

{¶24} In short, the record demonstrates the trier of fact, in resolving conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing the evidence in the light most favorable to appellee, we further find a rational trier of fact could have appellant guilty of complicity to theft beyond a reasonable doubt.

{¶25} The judgment of the Alliance Municipal Court is affirmed.

By: Delaney, P.J.

Gwin, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

[Cite as *State v. Muntean*, 2012-Ohio-2741.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| SAVANAH L. MUNTEAN | : | |
| | : | |
| | : | Case No. 2011CA00225 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Alliance Municipal Court is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE